| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| VERONICA M. BELLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:13-CV-181 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on October 17, 2014 (Doc. No. 19), and the Plaintiff's objections (Doc. No. 26). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the court ACCEPTS the magistrate judge's recommendation, OVERRULES the Plaintiff's objections, and AFFIRMS the Commissioner's denial of benefits.

In her objections, Bellard complains that a footnote in the Magistrate Judge's report misstates the definition of "severe impairment." The footnote to which Bellard refers does not contain legal analysis, but cites the current regulation and a relevant Supreme Court case. The

statement is not incorrect in social security parlance to generally explain how impairments are determined to be severe at step two, which is obviously the purpose of the footnote.

Bellard next argues that the Magistrate Judge's analysis should not be adopted because it relies on *ad hoc* reasoning. This argument ignores the essential task delegated to this court in reviewing social security appeals, which is to determine (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002). Administrative disregard or violation of regulatory requirements is subject to harmless error analysis. See NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969) (Harmless error rule is appropriate when "remand would be an idle and useless formality."); see also Frank v. Barnhart, 326 F.3d 618, 622 (5th Cir. 2003) (citing Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988) ("applying harmless error analysis in disability benefits context")). An error is harmless unless there is reason to think that remand might lead to a different result. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) ("This court will not vacate a judgment unless the substantial rights of a party have been affected.") Therefore, the "reasoning" that Bellard complains of is necessary legal analysis to determine whether the alleged legal error constituted harmless error.

Bellard also objects to the Magistrate Judge's conclusion that ALJ Hunn's failure to consider carpal tunnel syndrome ("CTS") resulted in harmless error. Bellard argues that her case should be remanded because the ALJ failed to list CTS among her severe impairments at step two, and cites to Fisher v. Barnhart, No. 1:03-CV-648, 2004 WL 3237346 (E.D. Tex. Dec. 21, 2004), for support. In *Fisher*, this court adopted Magistrate Judge Earl Hines's recommendation that the case be remanded so that the ALJ can address the plaintiff's allegation of neck pain at step two. However, unlike Bellard's alleged limitations caused by CTS, Fisher's neck pain was confirmed

by "medically acceptable clinical and laboratory diagnostic techniques" to establish that the alleged neck impairment "result[ed] from anatomical, physiological, or psychological abnormalities." Fisher v. Barnhart, 2004 WL 3237346, at *3.

CTS is mentioned once in Bellard's 700-page medical transcript, and the medical record is devoid of objective evidence that she suffers from physical limitations caused by CTS. Dr. Vicroy, Bellard's treating doctor listed CTS under the "Assessment" portion of office notes made during a visit on a June 6, 2011, and recommended wrist splints. (Tr. 719.) However, at this same visit, Dr. Vicroy observed that Bellard had normal range of motion, normal muscle strength and tone, and found that Plaintiff's "motor and sensory function, reflexes, gait and coordination are all intact." (Tr. 719.) Moreover, and perhaps most importantly, Dr. Vicroy did not list CTS as a diagnosis on a Medical Source Statement dated June 21, 2011, and indicated that Bellard can manipulate her right and left hand "frequently." (Tr. 715.) Only at the second administrative hearing did Bellard voice complaints related to pain and swelling in her hands, and indicated that her doctor told her she would need surgery in her hands (although this allegation is not substantiated by the medical record).

The regulations require an evaluation of symptoms only when a claimant proves, by medical signs or laboratory findings, a medically determinable impairment which could reasonably produce the alleged symptoms.[1] 20 C.F.R. § 404.1529(c) (2011). Bellard produced no objective evidence to demonstrate limitations caused by CTS, and her treating doctor—the same doctor who

---

[1]
> . . . statements about your pain or other symptoms will not alone establish that you are disabled; there must be **medical signs and laboratory findings which show that you have a medical impairment(s)** which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. § 404.1529 (2011) (emphasis added).

3

diagnosed CTS—did not list CTS among the diagnoses on a subsequent medical source statement, and did not document limitations associated with or caused by CTS. Based on the lack of objective evidence, there is no reason to believe that ALJ Hunn erred at step two. See Blair v. Comm'r, Soc. Sec. Admin., No. 6:13CV345, 2014 WL 5336483, at *14 (E.D. Tex. Sept. 30, 2014) (holding that the evidence does not establish that Plaintiff's carpal tunnel syndrome was severe where treating doctor noted that claimant had full range of motion in her upper extremities, only mild weakness (4 out of 5) in her right hand, and full strength in her left hand). In this case, Dr. Vicroy indicated that Bellard's right and left hand manipulation was limited to "frequent" (as opposed to "constant" or only "occasional") movement. Therefore, Magistrate Judge Hawthorn is correct that even if an error at step was committed, it was harmless because the record does not support a finding that Bellard's hand limitations that would interfere with her ability to perform past relevant work as a clerk and receptionist.

Bellard raises the same concerns voiced in her initial briefing regarding ALJ Hunn's purported errors relating to the consideration of her scleroderma diagnosis, and the weight given to her medical providers. Bellard is incorrect in stating that Magistrate Hawthorn found that Bellard's scleroderma and hiatal hernia with esophagitis are indistinguishable, rather he found that the ALJ accounted for all of Bellard's limitations. Therefore, the court agrees with the magistrate judge's harmless error analysis and concludes that remand on this issue would be futile.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is **ADOPTED** and **OVERRULES** the Plaintiff's objections. A Final Judgment will be entered separately affirming the decision of the Commissioner and dismissing this action.

SIGNED at Beaumont, Texas, this 19th day of December, 2014.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE